## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| **JILLIAN NICHOLS,** | **Civil Action No.:**  6:13-1984-JMC |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **PERFORMANT RECOVERY, INC.; and DOES 1 through 10, inclusive,** | |
| Defendant. | |

## COMPLAINT

### I.  INTRODUCTION

1.  This is an action for actual and statutory damages brought by Plaintiff, Jillian Nichols, an individual consumer, against Defendant, Performant Recovery, Inc., for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA'') and the South Carolina Consumer Protection Code § 37-5-101 et seq. (hereinafter "SCCPC").

### II.  JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### III.    PARTIES

6.  Plaintiff, Jillian Nichols, is a natural person with a permanent residence in Greer, Greenville County, South Carolina 29650.

7.  Upon information and belief, the Defendant, Performant Recovery, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, Alameda County, California 94551. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

8.  Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

COMPLAINT AND DEMAND FOR JURY TRIAL

9. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiffs, who therefore sues them by such fictitious names. Plaintiffs will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV.    FACTUAL ALLEGATIONS

10. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, which qualifies as "consumer debt," as defined by RFDCPA, Cal. Civ. Code § 1788.2(f) (alleged debt).

11. Upon information and belief, within one (1) year prior to the filing of this action, Defendant contacted Plaintiff from telephone number 209-858-3709 for the purpose of collecting the alleged debt.

12. Upon information and belief, within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to garnish Plaintiff's wages.

13. Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

COMPLAINT AND DEMAND FOR JURY TRIAL

14.    Defendant is a debt collection company and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in garnishment.

15.    The representations made to Plaintiff by Defendant regarding garnishment were false.

16.    Upon information and belief, within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to take legal action against Plaintiff.

17.    Defendant has no standing to commence legal proceedings on behalf of the creditor.

18.    Defendant is a debt collection company and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings.

19.    The representations made to Plaintiff by Defendant regarding legal proceedings were false.

20.    The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

COMPLAINT AND DEMAND FOR JURY TRIAL

21.  The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

22.  The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

23.  Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

## V. FIRST CLAIM FOR RELIEF

24.  Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

25.  Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

(a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(b) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hearer or reader in connection with the collection of an alleged debt; and

COMPLAINT AND DEMAND FOR JURY TRIAL

(c) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(d) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

(e) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(f) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(g) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

26. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

COMPLAINT AND DEMAND FOR JURY TRIAL

27.   As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Jillian Nichols, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Performant Recovery, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages.

D. Costs and reasonable attorney fees.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

///

///

///

COMPLAINT AND DEMAND FOR JURY TRIAL

## <u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE that Plaintiff, Jillian Nichols, demands trial by jury in this action.

DATED: July 17, 2013

RESPECTFULLY SUBMITTED,

By: <u>/s/ Chauntel Bland</u>
Chauntel Bland, Esq.
463 Regency Park Drive
Columbia SC 29210
Phone: (803) 319-6262
Fax: (866) 322-6815
chauntel.bland@yahoo.com
*Attorneys for Plaintiff,*
*Jillian Nichols*

COMPLAINT AND DEMAND FOR JURY TRIAL